T.C. Summary Opinion 2018-50

UNITED STATES TAX COURT

ROLANDA MICHELLE CURTIS AND BRYON CURTIS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26910-17S.                           Filed November 1, 2018.

Bryon Curtis, pro se.

Brooke S. Laurie and Sheila R. Pattison, for respondent.

SUMMARY OPINION

PUGH, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 11, 2017, respondent determined a deficiency of $12,071 in petitioners' Federal income tax for 2015 and a section 6662(a) accuracy-related penalty of $950.

## Background

Petitioners lived in Texas when they timely filed their petition. In 2015 Mr. Curtis received a distribution of $37,414 from Great-West Retirement Services (Great-West). Petitioners did not receive a Form 1099-R, Distributions From Pension, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from Great-West before they prepared and filed their joint 2015 Form 1040, U.S. Individual Income Tax Return, and did not report the distribution as income on their return. After respondent contacted petitioners about the omission of the Great-West distribution, they requested and received a Form 1099-R from Great-West showing a gross distribution of $37,414 and Federal income tax withheld of $7,323.

---

[1](...continued)
amounts are rounded to the nearest dollar.

At trial the parties[2] orally stipulated that "there is a deficiency in income tax due from petitioners for the taxable year 2015 in the amount of $12,071, * * * there is a prepayment credit for the taxable year 2015 in the amount of $7,323, * * * [and] the deficiency for the taxable year 2015 is computed without considering the prepayment credit of $7,323".  The only issue that remains in dispute is whether petitioners are liable for the $950 accuracy-related penalty under section 6662(a).

## Discussion

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the portion of an underpayment of tax required to be shown on the return that is attributable to "[n]egligence or disregard of rules or regulations" and/or a "substantial understatement of income tax."  While the notice of deficiency lists only the substantial understatement penalty under section 6662(a),

---

[2] Mrs. Curtis did not appear at trial and therefore is in default, but, as we explained at trial, we hold that she is bound by the outcome of this case.  See Rule 123(a) (stating that any party failing "to plead or otherwise proceed as provided by these Rules or as required by the Court * * * may be held in default by the Court"); Rule 149(a) ("The unexcused absence of a party or a party's counsel when a case is called for trial will not be ground for delay.  The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.").

respondent's pretrial memorandum argues that petitioners also were negligent. We will address both together as accuracy-related penalties.

The Commissioner bears the burden of production with respect to an individual taxpayer's liability for an accuracy-related penalty and is required to present sufficient evidence showing that the penalty is appropriate.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To meet that burden, the Commissioner first must show that he complied with the procedural requirements of section 6751(b)(1).  See sec. 7491(c); Graev v. Commissioner, 149 T.C. __, __ (slip op. at 13-14) (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016).  Section 6751(b) requires the Commissioner to show that a penalty assessed under section 6662 was "personally approved (in writing) by the immediate supervisor of the individual making such determination".  See Graev v. Commissioner, 149 T.C. at __ (slip op. at 13-14).  Once the Commissioner satisfies his burden of production, the taxpayer bears the burden of proving that the Commissioner's determination of the penalty is incorrect.  Higbee v. Commissioner, 116 T.C. at 446-447.

At trial respondent introduced into evidence only two documents: petitioners' 2015 joint Form 1040 and the Form 1099-R from Great-West. Respondent did not introduce any evidence of managerial approval.  Counsel for

respondent did not argue that evidence of approval was not required and did not address respondent's burden under section 6751(b) otherwise, either at trial or in any pretrial submission.  We therefore hold that respondent has not met his threshold burden for the Court to sustain the penalty and need not reach Mr. Curtis' argument that he had reasonable cause for the omission of income from Great-West.  See Hagos v. Commissioner, T.C. Memo. 2018-166.

To reflect the foregoing,

An appropriate decision will be entered.